**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| KRISTEEN ADAMS, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| GAP, INC., SCOTT HENSON, JASON | § | CASE NO. 2:24-CV-00543-JRG-RSP |
| PULCASTRO, *and* GARAZILDA | § | |
| MARTINEZ, | § | |
| *Defendants*. | § | |

### <u>MEMORANDUM ORDER</u>

Plaintiff Kristeen Adams, proceeding *pro se*, was granted *in forma pauperis* status on March 18, 2025. Dkt. No. 6. Plaintiff moved to issue summons and serve her Complaint on Defendants on July 31, 2025. Dkt. No. 7. However, before the Court addressed the Motion, Plaintiff had already served Defendants. Dkt. No. 11. Accordingly, her prior motion for service was denied as moot. Dkt. No. 13. In the meantime, Defendants filed a Motion to Dismiss Complaint for Insufficient Service of Process on February 25, 2026. Dkt. No. 12. On March 14, 2026, the Court ordered Defendants to serve the motion on Plaintiff, and ordered Plaintiff to respond within thirty days,. Defendants complied promptly. Dkt. No. 18. Nearly three months later with no response, Dkt. No. 19, on June 9, 2026, the Court entered a Report and Recommendation, recommending that the motion to dismiss be granted as the service of process was clearly improper. Dkt. No. 20.

Plaintiff has now filed a Response in Opposition to Defendant's Motion to Dismiss and Alternative Motion to Extend Time for Service, Dkt. No. 21, Objections to the Magistrate Judge's Report and Recommendation and Alternative Motion to Extend Time for Service, Dkt. No. 22, and a Motion Requesting Order Directing Service by the United States Marshal, Dkt. No. 24.

Having considered Plaintiff's filings, the Court agrees that, although service on Defendants was initially deficient as set forth in the Court's Report and Recommendation, because Federal Rule of Civil Procedure 4(c)(3) places the duty of execution of service on the Court, the Report and Recommendation (Dkt. No. 20) must be and hereby is **VACATED**.

It remains Plaintiff's responsibility to provide the proper addresses of Defendants. *See, e.g.*, *Boyer v. Taylor*, Civ. A. No. 06-094, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("While *in forma pauperis* status confers entitlement to issuance and service of process, see 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3), a district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process. Indeed, it is the plaintiff's responsibility to provide the proper address of the defendants to complete service." (collecting cases) (citations omitted)). Plaintiff's renewed motion for service requests service but does not list any addresses for Defendants. Therefore, the motion (Dkt. No. 24) is **DENIED**. However, in order for the Court to effectuate prompt service under Rule 4(c)(3), it is hereby

**ORDERED** that Plaintiff file, **no later than July 20, 2026**, a renewed motion for service of process through the U.S. Marshal's Service under Rule 4(c)(3), listing valid and proper addresses for Defendants for issuance of service of process. Plaintiff is warned that her failure to do so may result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Additionally, because the Court is allowing Plaintiff an opportunity to properly serve Defendants, the Court finds that Defendants' motion to dismiss (Dkt. No. 12),

2

focused on the deficiency of Plaintiff's initial attempts at service, should be and hereby is

**DENIED** as moot. Defendants may re-urge the motion after service is attempted again.

The Clerk of Court is **DIRECTED** to mail this Order to Plaintiff's address via

certified mail with return receipt requested.

**SIGNED this 19th day of June, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE